BH
S.I

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 01 2008 ★

BROOKLYN OFFICE

PAMELA SHEARS on behalf
of TWANETTE WASHINGTON

　　　　　　　　　　　Plaintiffs,

-against-

NEW YORK CITY
PEDRO RODRIGUEZ (Being male employee
of the New York City Police Department who
participated in the acts complained Of herein;
(JHON DOE # 1-10 (Being male employees of the
New York City Police Department who participated
in the acts Complained of herein); JANE DOE
(Being a female employee Of the New York City
police Department who participated in the
Acts complained of herein);
The NEW YORK CITY POLICE
DEPARTMENT.

　　　　　　　　　　　Defendants

**COMPLAINT**

CV-08-4832

**JURY TRIAL DEMANDED**

WEINSTEIN, J.

GOLD, M.J.

Plaintiff TWANETTE WASHINGTON through her mother PAMELA SHEARS, by their attorney, ROY & ASSOCIATES, P.C., complaining of the defendants herein, state and allege upon information and belief as follows:

### JURISDICTION AND VENUE

1.　Jurisdiction is founded upon the existence of a Federal Question.

2.　This action is pursuant to the Civil Rights Acts, 42 U.S.C. §1983 and 42 U.S.C. §1985. The jurisdiction of the Court is invoked to secure the protection, and redress the deprivation of rights guaranteed to persons by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

1

3. The jurisdiction of the Court over these claims is founded on 28 U.S.C. §§1331 and 1343.

4. Venue is proper in this district, based upon the fact that a substantial part of the events or omissions giving rise to the claims asserted herein occurred within the district.

5. At all times mentioned herein, defendants were acting under color of state law, and were acting within the scope of their employment as police officers.

## SUPPLEMENTAL JURISDICTION

6. This court has supplemental jurisdiction over the state causes of action pleaded herein.

7. Plaintiff also seek to recover damages for the wrongful conduct and negligence of the defendants described herein.

## PARTIES

8. At all times mentioned herein, plaintiff TWANETTE WASHINGTON ("WASHINGTON") was a resident of the County of Kings, City and State of New York. Ms. WASHINGTON is a minor, and that her mother is representing her in this lawsuit.

9. At all times mentioned herein, Defendant the City of New York ("City") is a municipal corporation organized on the laws of the State of New York.

10. Upon information and belief, at all times mentioned herein PEDRO RODRIGUEZ ("RODRIGUEZ") was and is a police officer assigned at the 75th Precinct in Brooklyn, New York, and employed by New York City as a Police officer with the

2

New York City Police Department ("NYPD") who assaulted, falsely arrested, searched and wrongfully imprisons the plaintiff, a minor with the assistance and help of the JOHN DOE defendants.

11. Defendants "JOHN DOE #s 1 through 10" are unidentified police officers and/or law enforcement officers who participated in the assault of plaintiff on September 29, 2007 at 08:30 P.M.

12. Upon information and belief, at all times herein mentioned, the JOHN DOE Defendants were acting in concert with one another, and were acting on the instruction and/or with the approval of PEDRO RODRIGUEZ, AND OR their SUPERIORS, and THE SERGEANT OF THE 75TH PRECINCT.

## FACTUAL BACKGROUND

13. On September 29, 2007 at approximately 08:00 O'clock in the evening, TWANETTE WASHINGTON who was fifteen (15) years old at the time was at the corner of Wyona and Linden Boulevard with her sister and her sister's boyfriend Shameck.

14. A fight broke out between officer Pedro Rodriguez of the New York City Police Department and Mr. Shameck where officer Rodriguez for no apparent reason started to use his baton to strike Mr. Shameck on the head and about his body.

15. As people started to gather around officer Rodriguez, Plaintiff was attempting to get out of the crown when nine (9) police officers from the 75th precinct arrived at the scene, and for no apparent reason, one of the officers attacked Ms. Washington by punching her in the face, hitting her with their batons on her right temple.

Ms. Washington felt down her head hitting the pavement and passed out. The officers proceeded to hand cuff her while she was on the floor immobilized.

16. Ms. Washington was arrested, and then transported to the 75th Precinct with several bruises on her face and her body. She was then transported to Brooklyn detention center where she was held for several hours without seeing a judge. When her mother went to the 75th Precinct to complaint against the officers who assaulted her daughter, the sergeant at the precinct refused to take a complaint and threatened to arrest them if they did not leave the precinct.

17. Ms. Washington was released late that night, and was then taken to Brookdale hospital by her mother and other family members.

18. Several medical tests were conducted by the doctors at Brookdale hospital and Ms. Washington was diagnosed with several medical problems as a result of the beating she received from the officers including loosing hearing on her right ear.

19. Officer Pedro Rodriguez who arrested plaintiff issued a summons where plaintiff had to appear in criminal court. A judge subsequently dismissed the case, or the Kings County District Attorney failed to prosecute.

20. A notice of claim was filed with the New York City Law Department on December 18, 2007; a copy of said notice is annexed herein as exhibit "A".

## COUNT I1: 42 U.S.C. §1983 EXCESSIVE FORCE

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "20" as if fully set forth herein.

4

22. Defendants used force that was unnecessary and excessive in gaining control of the person of the plaintiff and placing handcuffs on her.

23. They further used said excessive force by spraying mace/pepper spray on plaintiff's face while plaintiff was on the floor immobilized as a result of the assault.

24. Plaintiff was a fifteen-year-old female, a child who posed no threat whatsoever to multitude of officers present that day.

25. By reason of the foregoing, plaintiffs have suffered loss and damage.

## COUNT III: 42 U.S.C. §1985(3) CONSPIRACY

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "25" as if fully set forth herein.

27. RODRIGUEZ, the John Doe defendants, and supervisory officers at the 75th Precinct station house who refused to take Plaintiff's complaint, conspired with one another in depriving plaintiff of the equal protection of the laws, by assaulting the plaintiff, falsely arrested plaintiff, falsely imprisoned plaintiff and refused to take a complaint when plaintiff's mother demanded to speak to the captain or someone in charge of officer Rodriguez to make a complaint in violation of her rights guaranteed them under the United States Constitution, the constitution of New York State.

28. In furtherance of said conspiracy, on September 29, 2007, John Doe defendants unlawfully arrested the plaintiff, search the plaintiff's person and maliciously sought to prosecute the plaintiff when they knew they had no probable cause.

29. As a further overt act of the conspiracy, officers at the 75th Precinct refused, without explanation, to take formal complaint about the wrong committed by police officers.

30. By reason of the foregoing, plaintiff has suffered loss and damage.

## COUNT IV FOR FALSE ARREST

31. Plaintiff repeat and re-alleges each and every allegation contained in paragraphs "1" through "30" as if fully set forth herein.

32. Defendants and their agents had no justification for their conduct in arresting plaintiff that day, and had no probable cause to arrest and place handcuffs on plaintiff.

33. There was no legal justification for defendants 'unlawful detention of plaintiff on the day in question.

34. Defendants physically restrained plaintiff and confined her at the 75th precinct station house and the Brooklyn detention Center without her consent and against her will.

35. By reason of the foregoing, plaintiff has suffered loss and damage.

## COUNT V: MALICIOUS PROSECUTION

36. Plaintiff repeats and re-alleges each and every allegations contained in paragraph "1" to "34".

37. Plaintiff without reason and probable cause started a criminal process against the plaintiff, knowing that there was no justification to commence said criminal process against plaintiff.

6

38. Defendants police officers of the 75th Precinct filed a complaint with the District Attorney in Kings County seeking to have the plaintiff prosecuted when the officers knew that they had no reason to commence said prosecution.

39. By reason of the foregoing, plaintiff has suffered loss and damage.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "39" as if fully set forth herein.

41. The totality of defendants' aforementioned conduct assaulting a fifteen(15) year old young woman, who posed o threat to them; handcuffed her, and hitting her so hard that she had passed out, taking her to the police precinct and refusing to take a complaint when her mother wanted to make a complaint, and filing a complaint against her with the district attorney office seeking to prosecute her was outrageous.

42. Said conduct went beyond all bounds of human decency, and is intolerable in any civilized society.

43. By reason of the foregoing, plaintiffs have suffered loss and damage.

## COUNT VII: ASSAULT AND BATTERY

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "43".

45. Defendants police officers used their batons and mace to assault the plaintiff; and that defendants used their fist to punch plaintiff;

46. The defendants have no reason to assault plaintiff, plaintiff did not agree to such assault;

7

47. Defendants assaulted plaintiff out of malice.

48. As a result of such assault and battery, plaintiff suffered permanent injury to wit: bruises, inflammation of her body, loss of hearing on her right ear.

## COUNT VIII: NEGLIGENT SUPERVISION

49. Plaintiff repeats and re-alleges each and every allegations contained in paragraphs "1" through "48".

50. Defendants the City of New York and the New York City police department has a duty to train its police officers and to retrain its police officers to the extent that said officers are aware of actions that violate the citizen's right under the Constitution.

51. The defendants failed to train its police officers as required, and that the officers violated the plaintiff's right.

52. By virtue of said violations, plaintiff sustained physical injuries that are permanent in nature.

53. By reason of said violation plaintiff sustained loss and damages.

## COUNT IX: FALSE IMPRISONMENT

54. Plaintiff repeats and re-alleges each and every allegations contained in paragraphs "1" through "53".

55. Defendants placed handcuffed in plaintiff, and transported plaintiff to the precinct, held her against her will.

56. Defendants further held plaintiff by transporting her to the Brooklyn Detention Center, and held her against her will for an unreasonable amount of time.

57. Defendants knew that they had no justification for imprisoning plaintiff.

58. Plaintiff did not agree to be imprisoned by defendants.

59. By reason of said violations, plaintiff sustained physical and mental injuries that are permanent in nature.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable by jury.

**WHEREFORE,** plaintiff prays for judgment against the defendants as follows:

a) On Count I, Compensatory damages in the sum of 2 Million Dollars ($2,000,000.00), together with interest;

b) On Count II, Compensatory damages in the sum of Two Million Dollars ($2,000,000.00), together with interest;

c) On Count III, Compensatory damages in the sum of Two Million Dollars ($2,000,000.00), together with interest;

d) On Count III, Compensatory damages in the sum of Twenty Million Dollars ($20,000,000.00), together with interest;

e) On Counts IV, V, VI, VII and VIII Compensatory damages in the sum of 30 million dollars with interests;

f) Punitive damages in the amount of Five (5) Million Dollars ($5,000,000.00) against officer Pedro Rodriguez and John Doe 1 to 10.

g) Reasonable Attorney's fees;

h) Cost and disbursement of this action;

i) Such further or other relief as the court may deem just and equitable.

Dated:   New York, New York
         November 28, 2008

*ROY & ASSOCIATES P.C.*
Attorneys for Plaintiff

By: Emmanuel Roy, Esquire
(ER 1756)
26 Court Street, Suite 1503
Brooklyn, New York 11242
(718) 797-2553
(718) 797-3994
Email: nylaw1@gmail.com